IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| VICENTE DOMINIQUE CHAVEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:08-CV-0083 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS AS TIME BARRED

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner VICENTE DOMINIQUE CHAVEZ. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus be DISMISSED as time barred.

I.
PROCEDURAL BACKGROUND

On April 19, 2005, a jury found petitioner guilty of intoxication manslaughter with a vehicle and, on April 20, 2005, sentenced him to life in prison. Petitioner appealed the judgment, and the court of appeals affirmed the jury's decision on May 4, 2006. The record does not contain any petition for discretionary review filed by the petitioner, but the website maintained by the Texas Court of Criminal Appeals indicates petitioner asked for an extension of time in which to file a

petition for discretionary review on June 25, 2007. The same day, the court denied petitioner's motion. Then, on October 15, 2007, petitioner filed a state Application for a Writ of Habeas Corpus. This application was denied without written order on February 13, 2008. Petitioner then filed the instant federal Petition for a Writ of Habeas Corpus on April 16, 2008.[1]

II.
PETITIONER'S ALLEGATIONS

Petitioner appears to raise the following grounds of error:

Petitioner received ineffective assistance of trial counsel because his attorney,

1. Failed to ensure the jury was properly sworn prior to voir dire;

2. Failed to object to the fact that a person ordered to appear for jury duty failed to appear;

3. Failed to object to the trial court not including the scientific presumption of intoxication in the jury charge; and

4. Failed to object to inflammatory testimony of a witness who, petitioner contends, was clearly coached by the district attorney. (Petitioner asserts this issue in two almost-identical grounds of error).

Petitioner received ineffective assistance of appellate counsel because his attorney,

5. Failed to raise any ineffective assistance of trial counsel argument. Petitioner asserts his appellate attorney should have raised the following ineffective assistance of trial counsel arguments:
   a. trial counsel was ineffective because he failed to object to the enhancement of petitioner's punishment; and
   b. trial counsel was ineffective because he allowed the State to add enhancement paragraphs after the grand jury indicted him; and

6. Filed an *Anders* brief without giving petitioner enough time to file his pro se brief to the appellate court.

---

[1] Because petitioner failed to date his petition, the Court is unsure of when he delivered it to the prison officials for mailing. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998). Having nothing else to rely on, the Court uses the postmark date of April 16, 2008 as the date on which it deems the petition to have been filed.

## III.
## STATUTE OF LIMITATIONS

Title 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*A. The Time Line in Petitioner's Case*

The Judgment in petitioner's case is signed on May 6, 2005, and states that the "Date of Judgment" is April 19, 2005. This judgment was affirmed on direct appeal on May 4, 2006. Petitioner had thirty days after this date in which to file a petition for discretionary review. TEX. R. APP. PROC. 68.2(a). Because petitioner failed to file a petition for discretionary review, his

conviction became final under 28 U.S.C. section 2244(d)(1) on June 5, 2006.[2] Under the statute of limitations for federal habeas corpus petitions, then, petitioner's petition was due on or before June 5, 2007, which was the one-year anniversary of the day his judgment became final.

This deadline could have been pushed back if any pleadings from petitioner related to this conviction were pending in state court during the year after the judgment became final. 28 U.S.C. § 2244(d)(2). This did not occur in petitioner's case, as the first state pleading he filed was not until October 15, 2007, when he filed a state Application for a Writ of Habeas Corpus. Therefore, petitioner is not entitled to any equitable tolling. His federal habeas corpus petition, filed on April 16, 2008, was almost a full year late and is thus time barred.

*B. The Statute of Limitations Defense in Petitioner's Case*

While petitioner's case is time barred, its determination is complicated by the fact that respondent's original answer to the petition addressed the merits of petitioner's grounds of error. Respondent, apparently relying on petitioner's misrepresentation that he had filed a petition for discretionary review with the Court of Criminal Appeals,[3] did not raise any procedural bar argument.

Upon reviewing the case, this Court noticed that petitioner might be time barred under Title 28 of the United States Code section 2244(d)(1). For this reason, the Court issued a Briefing Order on January 30, 2009 ordering both parties to brief the Court on the statute of limitations issue. Both parties responded to the Briefing Order. In his response, the petitioner urges that his petition is not time barred because (i) he never received notice that the intermediate state appellate court had

---

[2] The petition was technically due on June 3, 2006. But this was a Saturday, so the petition would have been considered timely if it were filed by the following Monday, which was June 5, 2006.

[3] In his federal petition, petitioner (whether intentionally or innocently) misrepresented that he in fact had filed for a petition for discretionary review and that the Court of Criminal Appeals had denied it on June 25, 2007. Had this been accurate, petitioner would not be time barred.

affirmed the judgment of the trial court, (ii) in any event, this Court cannot *sua sponte* impose the statute of limitations bar, and (iii) respondent has waived the statute of limitation defense by failing to raise it in the initial response. In response to the Briefing Order, the respondent filed an amended answer in which it asserts the statute of limitations defense. Respondent additionally urges the Court can *sua sponte* raise the limitations bar.

### 1. *Notice to Petitioner of Appellate Court's Opinion*

Petitioner has asserted he never received notice that the intermediate state appellate court had affirmed the trial court's judgment. If this were the case, then equitable tolling may have been justified. In its amended answer, the State attached a copy of the May 4, 2006 letter addressed to petitioner from the appellate court stating the court had affirmed the judgment. In a later filing, respondent additionally produced the mail logs from petitioner's institution of confinement showing petitioner had received mail from the appellate court on May 9, 2006 and on several other occasions before and after the day the opinion was released. This Court ordered petitioner to respond, by April 6, 2009, to respondent's discoveries. Petitioner has not yet filed any reply. The mail logs demonstrating petitioner received correspondence from the appellate court five days after the opinion issued strongly suggests petitioner did, in fact, know his judgment was affirmed. Petitioner's failure to respond only strengthens this obvious conclusion to be drawn from the mail logs.

### 2. Sua Sponte *Imposition of the Statute of Limitations*

Petitioner additionally asserts this court cannot *sua sponte* assert the statute of limitations to dismiss his case. The Supreme Court has squarely addressed the issue of whether a federal court may, on its own initiative, dismiss a habeas petition as untimely once the State has answered the

petition without contesting its timeliness. *See Day v. McDonough*, 547 U.S. 198, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006). In *Day*, the Court held, "district courts are permitted, but not obligated, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Id.* at 209, 126 S. Ct. at 1684. In dicta, the Court suggested the better practice would be to "inform[] the State of its obvious computation error and entertain[] an amendment to the State's answer." *Id.*, 126 S. Ct. at 1683.

In the case at bar, the Court gave both parties an opportunity to respond to the statute of limitations issue. In its Briefing Order, the Court gave leave to respondent to file an amendment to its answer if it so chose, which it did. The Court now relies upon respondent's amended answer in recommending the dismissal of the case. It therefore is not acting *sua sponte*, though it has the authority to do so under *Day*. *Id.*

Furthermore, the Court has assured itself the petitioner will not be significantly prejudiced by the delayed focus on the limitation issue because it has afforded him an opportunity to brief the Court on the issue—not once, but twice. *See id.* at 210, 126 S. Ct at 1684. Petitioner has chosen to take advantage of only one of these opportunities and has failed to present any meritorious reason why the statute of limitations should not bar his case.

### 3. Waiver of the Statute of Limitation Defense

Petitioner also contends the respondent has waived the statute of limitations defense by failing to raise it in the initial response. Petitioner correctly points out that under the Federal Rules of Civil Procedure, a respondent forfeits a statute of limitations defense if it fails to assert the defense in its original answer *or in an amendment thereto*. FED. R. CIV. P. 8(c), 12(b), 15(a). Respondent in this case has properly raised the issue in its amended answer and has therefore

avoided waiver of the issue. As discussed above, petitioner is not prejudiced by this amendment because he has had ample opportunity to respond, and in fact has responded, to the issue.

## IV.
## RECOMMENDATION

Petitioner has filed his federal habeas corpus petition almost one full year after the filing deadline. Equitable tolling is not applicable to his case. Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner VICENTE DOMINIQUE CHAVEZ be DISMISSED as time barred.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 24th day of April 2009.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as

indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).